IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| ANNAMARIE LAST NAME UNCERTAIN, a/k/a Annamarie Riethmiller, et al., | CV 12-164-M-DLC-JCL |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| vs. | |
| ELECTORS FOR THE STATE OF MONTANA, | |
| Defendants. | |

_____

On November 21, 2012, the Court entered an Order and a separate Judgment dismissing Plaintiff Annamarie Riethmiller's pleading filed in this action under authority of 28 U.S.C. § 1915. The Court found the pleading to be frivolous or fanciful, lacking any merit on which this action could proceed.

On January 2, 2013, the Court received a document, with several attachments, signed by Riethmiller on December 12, 2012. In the document Riethmiller rambles on for 64 pages discussing numerous federal rights, legal doctrines, and the operation of our governmental systems. Riethmiller attached to her document copies of rulings made by the Circuit Court of the 12th Judicial

1

Circuit, Manatee County, Florida, and by the Supreme Court of Florida and issued in her marital dissolution case.

Riethmiller is proceeding pro se in this action. Therefore, the Court must liberally construe her pleadings.

A motion can be characterized as a Rule 60(b) motion for relief from a judgment if the motion is filed more than ten days after entry of judgment in the case. *American Ironworks & Erectors, Inc. v. North American Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Because Riethmiller's document was received January 2, 2013, the Court will liberally construe it as a motion filed under authority of Fed. R. Civ. P. 60(b) for relief from the final Judgment entered November 21, 2012.

Rule 60(b) enables a party to obtain relief from an order or judgment as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A district court's ruling on a Rule 60(b) motion is committed to the sound discretion of the court.  *In re Ceinture EISA Litigation*, 516 F.3d 1095, 1099 (9th Cir. 2008).

    Riethmiller's motion relies, in part, on a decision of the Supreme Court of Florida dated October 11, 2012, which she alleges deprived her of various fundamental rights.  She requests that this Court restore those rights to her under authority of 18 U.S.C. § 2382, and to notify her once those rights have been restored.

    The statute to which Riethmiller refers is inapplicable to this civil action.  That statute, defining the criminal offense of misprision of treason, makes it unlawful for an individual to fail to disclose to authorities any known acts of treason against the United States.  18 U.S.C. § 2382.  Thus, the statute does not provide legal grounds on which this Court could "restore" any rights of which

Riethmiller alleges she has been deprived.

Having reviewed Riethmiller's pleading, the Court finds her arguments for the restoration of her fundamental rights allegedly violated by the Supreme Court of Florida do not satisfy any of the grounds identified in Rule 60(b) for relief from the November 21, 2012 Judgment dismissing this action. Accordingly, relief under Rule 60(b) is not warranted.

Additionally, Riethmiller's recent pleading is barred by the *Rocker-Feldman* doctrine. This doctrine, which derives its name from two United States Supreme Court Cases – *Rocker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmine v. Carmine*, 603 F.3d 1041, 1050 (9th Cir. 2010). Restated, "[if a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rocker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). When a case is a forbidden "de facto appeal" the district court also lacks jurisdiction over all issues which are "inextricably intertwined" with an issue resolved by the predicate decision of the state court. *Id.*, 341 F.3d at

4

1158.

Here, because Riethmiller's pleading seeks to effectively overturn the decision of the Supreme Court of Florida which allegedly deprived her of her rights, her pleading is precisely the type of "de factor appeal" barred by *Rocker-Feldman*. Thus, her claims in her pleading are not subject to review by this Court.

Based on the foregoing, the Clerk of Court is directed to file Riethmiller's pleading received by the Court on January 2, 2013. Further, IT IS HEREBY RECOMMENDED that the pleading — construed as a motion for relief under Fed. R. Civ. P. 60(b) — be DENIED.

DATED this 8th day of January, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge